IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03101-GPG

DOMINGO F. VILLASENOR,

    Plaintiff,

v.

GEO GROUP, INC.
OFFICER SANCHEZ, GEO Group, Inc. Employee, and
U.S. MARSHALLS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Domingo F. Villasenor, is in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Canón City, Colorado. Plaintiff has filed a Prisoner Complaint (ECF No. 1) against the Defendants pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    Mr. Villasenor has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Amended Complaint and this action will be dismissed as legally frivolous.

In the Complaint, Mr. Villasenor seeks monetary relief against the Defendants as a result of physical injuries he suffered on November 18, 2013, when Defendant Sanchez crashed a transport vehicle into a barricade at the United States Courthouse in Denver.  At that time, Plaintiff was in the custody of Defendant GEO Group, Inc., a federal contractor.  Mr. Villasenor alleges that he was examined by a physician 24 hours after the incident, that the physician prescribed pain medication, placed him in a neck brace, and ordered x-rays.  Plaintiff claims that following his initial medical evaluation, he was denied medical treatment by Defendant GEO Group.

Mr. Villasenor filed a previous lawsuit against the same Defendants based on the same allegations, except that Plaintiff asserted *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) as the jurisdictional basis for his claims, instead of 42 U.S.C. § 1983.  *See Domingo F. Villasenor v. Geo Group, Inc., et al,* No. 14-cv-02164-LTB.  The action was dismissed on October 16, 2014.  (*See id.* ECF No. 28).  In the dismissal order, the Court concluded that Mr. Villasenor did not have a *Bivens* remedy against Defendant Geo Group, Inc. or Defendant Sanchez.  (*Id.* at 4-5).  The Court further found that Plaintiff's claim against the United States Marshal's Service/Department of Justice was barred by the doctrine of sovereign immunity.  (*Id.* at 3).  And, finally, Mr. Villasenor failed to demonstrate that this Court has diversity jurisdiction over any state law claims against Defendants Sanchez or Geo Group, Inc., pursuant to 28 U.S.C. § 1332 (*Id.* at 5).

Claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2) if they duplicate previous litigation.  *See McWilliams v. State of* Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009) (unpublished).

The only substantive difference between the prior action and the present one is that Plaintiff has asserted 42 U.S.C. § 1983 as a jurisdictional basis, instead of *Bivens*. Section 1983 provides a remedy for constitutional deprivations "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  None of the named Defendants are state actors, nor does the Plaintiff allege any facts to show that the state action requirement is satisfied.  Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITH PREJUDICE as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Villasenor files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 12) is DENIED as moot.

DATED January 16, 2015, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court